UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| PS BUSINESS PARKS, INC., RONALD L. | : SECURITIES EXCHANGE ACT OF 1934 |
| HAVNER, JR., STEPHEN W. WILSON, | : |
| JOSEPH D. RUSSELL, JR., MARIA R. | : |
| HAWTHORNE, JENNIFER HOLDEN | : |
| DUNBAR, M. CHRISTIAN MITCHELL, | : |
| IRENE H. OH, KRISTY M. PIPES, GARY E. | : |
| PRUITT, ROBERT S. ROLL, and PETER | : |
| SCHULTZ, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On April 24, 2022, PS Business Parks, Inc. ("PS" or the "Company") entered into a merger agreement (the "Merger Agreement") with PS Business Parks L.P., Sequoia Parent L.P., Sequoia Merger Sub I LLC, and Sequoia Merger Sub II LLC (the "Proposed Merger").

2. Under the terms of the Merger Agreement, PS's stockholders will receive $187.50 in cash per share.

3. On May 19, 2022, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of PS common stock.

9. Defendant PS is a Maryland corporation. PS's common stock is traded on the New York Stock Exchange under the ticker symbol "PSB."

10. Defendant Ronald L. Havener, Jr. is Chairperson of the Board of Directors of PS (the "Board").

11. Defendant Stephen W. Wilson is President, Chief Executive Officer, and a member of the Board.

12. Defendant Joseph D. Russell, Jr. is a member of the Board.

2

13. Defendant Marie R. Hawthorne is Interim Chief Operating Officer and a member of the Board.

14. Defendant Jennifer Holden Dunbar is a member of the Board.

15. Defendant M. Christian Mitchell is a member of the Board.

16. Defendant Irene H. Oh is a member of the Board.

17. Defendant Kristy M. Pipes is a member of the Board.

18. Defendant Gary E. Pruitt is a member of the Board.

19. Defendant Robert S. Rollo is a member of the Board.

20. Defendant Peter Schultz is a member of the Board.

21. Defendants identified in ¶¶ 10-20 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

22. PS is a REIT that acquires, develops, owns, and operates commercial properties, predominantly multi-tenant industrial, industrial-flex, and low-rise suburban office space.

23. On April 24, 2022, PS entered into the Merger Agreement.

24. The press release announcing the Proposed Merger provides as follows:

PS Business Parks, Inc. (NYSE:PSB) ("PSB" or the "Company") and Blackstone (NYSE:BX) today announced that they have entered into a definitive agreement under which affiliates of Blackstone Real Estate ("Blackstone") will acquire all outstanding shares of common stock of PSB for $187.50 per share in an all-cash transaction valued at approximately $7.6 billion, including transaction expenses. The purchase price represents a premium of approximately 15% to the volume weighted average share price over the last 60 days.

Under the terms of the agreement, which has been unanimously approved by PSB's Board of Directors, Blackstone will acquire PSB's 27 million square foot portfolio of industrial, business park, traditional office, and multifamily properties located primarily in California, Miami, Texas and Northern Virginia.

"I am extremely proud of everything we have accomplished at PS Business Parks. This transaction is an exceptional outcome for our stockholders and a testament to the incredible company and portfolio of high-quality assets our team has built, acquired and enhanced over the years," said Stephen W. Wilson, President and Chief Executive Officer of PSB.

David Levine, Co-Head of Americas Acquisitions for Blackstone Real Estate, added, "We are excited to add PS Business Parks' business park, office and industrial assets to our portfolio and look forward to leveraging our expertise to provide the best possible service and experience for PSB's customers."

**Transaction Details**
The transaction is expected to close in the third quarter of 2022, subject to approval by PSB's stockholders and other customary closing conditions. The merger agreement includes a "go-shop" period that will expire 30 days from today on May 25, 2022, which permits PSB and its representatives to actively solicit and consider alternative acquisition proposals to acquire PSB. PSB has the right to terminate the definitive merger agreement with Blackstone to enter into a superior proposal, subject to the payment of a termination fee and certain other terms and conditions of the definitive merger agreement. There can be no assurance that this process will result in a superior proposal, and PSB does not intend to disclose developments with respect to the go-shop process unless and until it determines such disclosure is appropriate or is otherwise required.

PSB's three outstanding series of preferred stock, and associated depositary shares, will remain outstanding in accordance with their terms following the closing. We currently intend to continue to have the depositary shares representing our preferred stock listed on the NYSE with public reporting so long as there is at least $75 million aggregate liquidation value of preferred stock outstanding.

Public Storage (NYSE:PSA), which holds approximately 25.9% of the outstanding shares of PSB common stock, has agreed to vote its shares in favor of the transaction, subject to the terms of a support agreement between Public Storage, the Company and an affiliate of Blackstone, which support agreement will terminate automatically upon the termination of the merger agreement, including in connection with a termination of the merger agreement by PSB to enter into a superior proposal. The transaction will also include the acquisition of Public Storage's limited partner equity interests in PSB's operating partnership at the same per unit price of $187.50.

From the date of the merger agreement through the closing of the transaction, PSB may declare and pay regular, quarterly cash distributions to holders of its common stock and to holders of its operating partnership's units, in an amount of up to $1.05 per share or unit, including a pro rata distribution in respect of any stub period. Additionally, PSB is permitted to declare and pay regular quarterly dividends on its shares of preferred stock.

As a result of today's announcement, PSB does not expect to host a conference call and webcast to discuss its financial results for the quarter ended March 31, 2022, which had previously been scheduled for May 3, 2022.

**Advisors**
Simpson Thacher & Bartlett LLP is serving as Blackstone's legal counsel. J.P. Morgan Securities LLC is acting as lead financial advisor to PSB and provided a fairness opinion to the PSB board of directors in connection with the transaction. Eastdil Secured is acting as real estate advisor to PSB and is also acting as a co-financial advisor to PSB. Wachtell, Lipton, Rosen & Katz is serving as PSB's legal advisor.

25. On May 19, 2022, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

26. The Proxy fails to disclose material information regarding the Company's financial projections, specifically: the line items underlying the financial projections.

27. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

28. The Proxy fails to disclose material information regarding the financial analyses conducted by J.P. Morgan Securities LLC ("J.P. Morgan").

29. Regarding J.P. Morgan's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values utilized by J.P. Morgan; and (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates utilized by J.P. Morgan.

<u>Banker Engagement</u>

30. The Proxy fails to disclose the terms of Eastdil Secured's ("Eastdil") engagement, including: (i) the fees Eastdil has received or will receive in connection with its engagement; (ii) the amount of Eastdil's fee that is contingent on the consummation of the Proposed Merger; (iii) whether Eastdil has conducted prior services for any parties to the Merger Agreement or their affiliates; (iv) the timing and details of the services; and (v) the fees received by Eastdil for providing such services.

<u>Background of the Proposed Merger</u>

31. The Proxy fails to disclose whether the Company entered into any NDAS containing don't ask, don't waive provisions.

<b>COUNT I</b>

**Claim Against the Individual Defendants and PS for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

32. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

33. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

34. PS is liable as the issuer of these statements.

35. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

36. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

38. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

39. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

40. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

41. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants acted as controlling persons of PS within the meaning of Section 20(a) of the Exchange Act as alleged herein.

44. Due to their positions as officers and/or directors of PS and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

46. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

47. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

48. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

50. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

51. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  June 6, 2022  **GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#5906953)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*